UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYMED LABORATORIES LIMITED and HETERO USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROXANE LABORATORIES, INC., <br><br> Defendant. | CIVIL ACTION NO. 15-cv-08304 (CCC) (MF) (CONSOLIDATED) <br><br><br> **FIRST SUPPLEMENTAL DECLARATION OF JOHN D. THALLEMER IN SUPPORT OF PLAINTIFFS' LETTER TO COURT** |

JOHN D. THALLEMER, of full age, hereby declares as follows:

1. I have personal knowledge of the facts contained herein. I respectfully submit this First Supplemental Declaration in further support of Plaintiffs' Letter to the Court dated December 15, 2016, in an effort to establish Plaintiffs' ability to maintain the confidentiality of information provided by Defendants and any third parties, and pursuant to the Court's request for more specific and affirmative information as to my duties as in-house IP counsel with respect to the present disputes.

2. I am in-house intellectual property counsel ("IP counsel") for Plaintiff Hetero USA, Inc. ("Hetero"), a New Jersey corporation based in Piscataway, New Jersey. To the best of my knowledge and belief, Hetero and

1

Symed are not commonly owned or controlled, and are not legal affiliates of one another; however, they maintain a confidential relationship pertaining to their respective businesses.

3. I am a licensed in-house attorney in New Jersey, and have been admitted to practice law in Illinois, Michigan and Tennessee; however, I maintain an active law license only in Illinois. I am also a Registered Patent Lawyer with the United States Patent Office, a certification I have held continuously since 1991 under Reg. No. 34,940. I hold a B.A. degree in Natural Science from St. Mary's University of Minnesota conferred in 1981 and a B.A. in Economics conferred from the same university also in 1981. I also hold a B.A. in Chemistry from Elmhurst University in Elmhurst Illinois conferred in 1987 and a J.D. degree conferred by the John Marshall Law School in Chicago Illinois in 1988.

4. I have held a position with Hetero as an in-house IP counsel since about April of 2015. Prior to that, I served as intellectual property and patent counsel to other entities and individuals that had no affiliation with either Hetero or Symed. Since the inception of my relationship with Hetero as IP counsel, I have provided no IP or other legal services to any person or entity other than Hetero and its affiliates, and to Symed in the limited capacity described in Section 7 below.

5. The vast majority of my legal services as in-house IP counsel to

Hetero involve matters pertaining to patents; accordingly, I am sometimes referred to as an in-house "patent counsel" for Hetero. While I do advise and provide legal services to Hetero on certain matters limited to patent law, and with the exception of two patent applications that involved subject matter unrelated to linezolid filed when I first came with Hetero as in-house IP counsel, I am not involved in prosecution of any patent applications or any upper level competitive decision-making involving proprietary technologies or patents of Hetero or any of its affiliates.

      6.    I had no input into or involvement in the preparation of the two patent applications that I filed in the U.S. They were U.S. national stage applications of International PCT applications published as WO 2015/198263 A2 and WO 2015/121877 A2 (respectively, titled Novel Betulinic Proline Substituted Derivatives as HIV Inhibitors and Polymorphs of Lomitapide And Its Salts). The PCT applications from which these applications matured (and to which they are by definition identical), were written and originally filed in India by someone else. I have had and will not have any involvement in the prosecution or issuance of the aforementioned or other patent applications for Hetero or any of its affiliates based on the current realm of my services for Hetero.

      7.    Beginning in about August of 2015, I was seconded by Hetero to Symed to confidentially assist Symed in a very limited and informal capacity as in-house patent counsel restricted to aspects of the present patent-related disputes

with the Defendants, and in no other capacity.  I provide no services to Hetero outside of the realm of patents and other intellectual properties, and I provide no services to Symed outside the realm of the patent aspects of the present disputes.

8.   In about August of 2015 I sent demand letters to all the defendants in the present litigation. However, the demand letters were prepared by outside counsel. I included with them confidential disclosure agreements which I had prepared and which provided for the confidential exchange of information and for the provision of samples. It is my recollection that only Roxane signed a confidentiality agreement and provided some allegedly confidential information, however, none of the Defendants provided samples.

9.   My responsibilities as in-house IP counsel for Hetero are determined and communicated to me by my immediate superior, Seshu Akula, Executive Vice-President and Head of Hetero USA, or others under his authority.  My official title is "Director, Intellectual Property" but I have come to know that the term "director" is used in Hetero and Symed as an indication of one's role as having a responsibility over or with respect to a particular part or aspect of the business, not to indicate that a person is an officer or a member of a Board of Directors of any entity.  I have also come to know that Hetero and Symed have many persons at many different levels throughout the organizations whose job titles contain the term "director," none of who are, to my knowledge, on the Board of Directors of any entity owned or affiliated with Hetero or Symed.

Accordingly, to be clear, I am not a corporate or other officer or managing agent of Hetero or of Symed or any of their affiliates, I am not a member of the Board of Directors of either entity or any of their affiliates, and I do a function in any such capacity.  Furthermore, my employer Hetero USA is a wholly owned subsidiary of Hetero Drugs Limited, a company formed in and based in India, and I am not an officer or managing agent or a member of the Board of Directors of Hetero Drugs Limited or any of its affiliates. In general, I consider myself as legal counsel to Hetero in the limited realm of patents and other species of intellectual property, and my position would be hierarchically categorized as analogous to an employee that holds a middle management position.

10. My duties as in-house IP counsel for Hetero consist of the following:

- Negotiating and drafting license, confidentiality and strategic collaboration agreements between Hetero and third parties (i.e., companies unrelated to Hetero, which excludes Symed);

- Preparing exculpatory opinions and clearance memoranda for, and/or giving advice to, Hetero on third party patents (analyzing whether such patents are invalid or not infringed) such as, for example, opinions in support of Paragraph IV certifications, as well as opinions, memoranda and/or advice directed to patents involving the manufacture, processing, and/or packaging of bulk API or finished dosage forms of products

5

    contemplated for future development by Hetero;

- Conducting freedom-to-operate and patentability assessments for Hetero;

- Identifying strategic patents that Hetero may be interested in licensing;

- Conducting, on behalf of Hetero as a potential buyer, due diligence investigations of intellectual property assets associated with potential business transactions such as mergers and acquisitions;

- Supporting IP litigation in which Hetero is a party (including the present litigation) in conjunction with outside litigation counsel, managing such counsel and participating in negotiations for settlement of litigations.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this the 30th day of December 2016.

*John Thallemer*
_____
John D. Thallemer