

One Riverfront Plaza, Suite 730
Newark, NJ 07102
T +1 973 848 7676
F +1 973 848 7650

**KEIYANA B. FORDHAM**
(973) 848-7648
kfordham@wisnton.com

January 17, 2017

**VIA ECF**
The Honorable Mark Falk, U.S.M.J.
Martin Luther King Building & U.S. Courthouse, PO-09
50 Walnut Street
Newark, New Jersey 07101

> **Re:** *Symed Labs Limited, et a. v. Roxane Laboratories, Inc.*, **Civil Action No. 15-8304 (CCC) (MF) (Consolidated)**

Dear Judge Falk:

We represent Defendant Glenmark Pharmaceuticals Inc., USA in the above-referenced consolidated action. We write on behalf of Defendants Glenmark, Roxane Laboratories, Inc., and Amneal Pharmaceuticals LLC in response to Plaintiffs' letter pursuant to the Court's Briefing Schedule Regarding the Discovery Confidentiality Order (hereafter "DCO") entered December 22, 2016 (Doc. 105) and extension (Doc. 120). In response to Plaintiffs' letter requesting that John Thallemer, Esq. and Suresh Reddy (hereafter Plaintiffs' "in-house personnel") be permitted to receive and review information designated by any Defendant as "Highly Confidential Information," Defendants respectfully offer a compromise position that strikes a balance between Defendants' need to protect their most sensitive, competitive information with Plaintiffs' stated need for their designated in-house personnel to be able to prosecute the case and assess its merit.[1]  As discussed in detail below, Defendants offer to grant Plaintiffs' designated in-house personnel access to all documents filed or served in the case that disclose the substance

---

[1] Defendants provided this compromise proposal, including a copy of the revised DCO, to Plaintiffs on January 13 and have not yet heard back as to whether Plaintiffs are agreeable to the revised DCO. Plaintiffs have said they will not be able to provide a response until January 20 at the earliest.  Because this dispute has been pending for quite some time and we believe the Court has all the information it needs to make a ruling, we ask the Court to enter Defendants' compromise proposal, discussed herein, to fairly and finally resolve this issue.



January 17, 2017<br>Page 2

or content of Defendants' Highly Confidential Information, but prohibit Plaintiffs' designated in-house personnel from accessing the actual documents produced by Defendants that are the source of the Highly Confidential Information.

At the December 16, 2016 status conference before Your Honor, two of the three outstanding issues regarding the DCO were resolved.  First, Plaintiffs' proposed paragraph 5(f), which related to the provision of Highly Confidential Information to officers, directors, and other employees or agents of a Party (beyond the designated in-house personnel), is no longer at issue.  (*See, e.g.*, 12/16/16 Hearing Transcript at 20:6-19.)  Second, the Parties agreed to a two-year patent prosecution bar for counsel or designated in-house personnel who receive a Party's Confidential and Highly Confidential Information. (*See, e.g.*, 12/16/16 Hearing Transcript at 20:22-21:7.)  The attached proposed DCO incorporates these edits.

The only remaining, unresolved issue is whether designated in-house personnel from each Party can have access to the other Parties' Highly Confidential Information.  Plaintiffs' proposal would give two individuals, Mr. John Thallemer and Mr. Suresh Reddy, unfettered access to Defendants' Highly Confidential Information.  Defendants initially asked this Court to deny Plaintiffs' request in its entirety. However, in the wake of the last status conference, Plaintiffs provided declarations from Messrs. Thallemer and Reddy averring that neither individual would qualify as a "competitive decision-maker" under the relevant case law and noting that Mr. Reddy would be screened from linezolid prosecution activities. Defendants appreciate these Declarations and the explanations therein, which have allayed some, but not all, of Defendants' concerns. Defendants still have concerns about their most sensitive internal documents being reviewed or provided to individuals within Symed and Hetero and having those documents reside on Symed and Hetero email servers or other computer systems where they may end up in the hands of other Symed or Hetero employees.  Furthermore, based on the reporting structure of Symed and Hetero, as



described in the declarations, it appears that there is ample opportunity for at least inadvertent disclosure of Defendants' Highly Confidential Information to those in competitive decision-making positions. For example, Mr. Reddy directly reports to Dr. D. Mohan Rao, who is not only the Founder and Managing Director of Symed Labs Limited, but is also a named inventor on the patents-in-suit. (Doc. 107, Attachment #3, Reddy Declaration at ¶ 5.) Under no circumstance would Defendants want Dr. Rao to have their highly confidential, internal documents because he is a competitive decision-maker, as can be seen from Mr. Reddy's Declaration. (*Id.*) The risk of disclosure is apparent from Mr. Reddy's admitted role as advisor to Dr. Rao on intellectual property matters. (*Id.*) Thus, while Defendants understand the need for Plaintiffs' in-house personnel to be in a position to make decisions regarding the instant litigation and assess its merit, Plaintiffs have not provided an explanation as to why Defendants' internal, Highly Confidential documents should be given directly to Plaintiffs' in-house personnel. Accordingly, Defendants would propose a compromise between the Parties' competing "all or nothing" positions.

> Specifically, Defendants' propose a revised Paragraph 6, which states in part:
>
> Also, subject to Paragraphs 7 and 10, the In-House Personnel designated in Paragraph 5(E) may receive at his or her offices any brief, motion or document filed or to be filed with the Court or served on a Party (including drafts thereof) that disclose the substance or content of the producing Party's Highly Confidential Information, but excluding exhibits, attachments, or the like that are the source of the Highly Confidential Information. For clarity, any documents produced by a Party that are designated as containing Highly Confidential Information may not be provided to the In-House Personnel designated in Paragraph 5(E), regardless of whether that document is attached as an exhibit to any other filed or served document in the Proceedings. The In-House Personnel listed in Paragraph 5(E) are prohibited from providing the Highly Confidential Information of the producing Party to any other employee or agent of the receiving Party, and must maintain any document containing the producing Party's Highly Confidential Information in a secure location under lock and key or password protection and may not place such documents on any shared server or database.

(Exhibit A at 15-16, Defendants' Revised Proposed DCO.)



Defendants' offer to provide Plaintiffs' in-house personnel access to documents, such as pleadings, expert reports, and discovery responses, that might describe the Highly Confidential designated documents produced in this litigation (but not access to copies of the Highly Confidential documents themselves), is a compromise that strikes a balance between the Parties' respective concerns and comports with applicable case law on this issue.  For instance, in *Autotech Technologies*, the court limited in-house counsel's access to confidential customer information to customer communications with names and identifying information redacted.  *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 413 (N.D. Ill. 2006).  Similarly, in *Federal Trade Commission v. Sysco Corporation*, 83 F. Supp. 3d 1 (D.D.C. 2015), the court held that in-house counsel was "too close" to competitive decision-making functions and thus, would not grant access to documents designated as "Confidential Material" but allowed access to redacted pleadings, expert reports, affidavits, and deposition transcripts.  *Id.* at 4; *c.f. F.T.C. v. Whole Foods Mkt., Inc.*, No. 07-1021 (PLF), 2007 WL 2059741, at *1 (D.D.C. July 6, 2007) (finding in-house counsel was not a competitive decision-maker and thus, granting access to "some but not all" confidential discovery material including versions of pleadings, deposition and hearing transcripts, and expert reports but not access to accompanying exhibits or underlying discovery materials designated as "Confidential").  This compromise position allows for Plaintiffs' designated in-house personnel to have an active and informed role in decision-making and strategy for the litigation while maintaining critical protections for Defendants' Highly Confidential Information and minimizing the risk of inadvertent disclosure and misuse of the same.

Defendants submit that the compromise proposed herein is a reasonable and workable solution to this ongoing dispute and respectfully request that the Court enter the Stipulated Discovery Confidentiality Order attached hereto as Exhibit A.  For the Court's convenience, Defendants have also attached as Exhibit



January 17, 2017
Page 5

B a redlined copy of the proposed Stipulated Discovery Confidentiality Order highlighting the proposed changes.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Keiyana B. Fordham*

Keiyana B. Fordham

cc: All Counsel of Record (via ECF)