

One Riverfront Plaza, Suite 730
Newark, NJ 07102
T +1 973 848 7676
F +1 973 848 7650

**JAMES S. RICHTER**
(973) 848-7645
jrichter@winston.com

May 16, 2017

**BY ECF AND FEDERAL EXPRESS**

Honorable Mark Falk, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** *Symed Labs Limited and Hetero USA, Inc.*
> *v. Roxane Laboratories, Inc.*, C.A. No. 15-8304 *(Lead Case)*;
> *Symed Labs Limited and Hetero USA, Inc. v. Glenmark*
> *Pharmaceuticals Inc.*, C.A. No. 15-8306; *Symed Labs Limited*
> *and Hetero USA, Inc. v. Amneal Pharmaceuticals, LLC*, C.A.
> *No. 15-8304*
> **(CCC/MF) (Consolidated)**

Dear Judge Falk:

This firm represents Defendant Glenmark Pharmaceuticals Inc., USA, in the above-referenced matter. Please accept this letter on behalf of all Defendants in opposition to Plaintiffs' May 10, 2017 letter seeking leave to file a motion to amend the Joint Claim Construction and Prehearing Statement ("JCCPS"). (Dkt. No. 124). Plaintiffs' latest request is just one example of Plaintiffs' long pattern of delay throughout this litigation where they have repeatedly ignored their obligations under the Local Rules, asked for multiple extensions for almost every deadline (thereby increasing costs to Defendants), raised issues belatedly and on the eve of due dates (thereby prejudicing Defendants), and provided a litany of excuses that are irrelevant at best. Plaintiffs' delay in making their most recent request—for leave to amend the JCCPS to rewrite certain of their proposed claim constructions—is simply inexcusable. Indeed, the timing of Plaintiffs' current



request is highly prejudicial to Defendants as it arises *after* the submission of opening claim construction briefs, *after* the conclusion of claim construction discovery, and *after* two, week-long extensions (requested by Plaintiffs) to the deadline for the responsive claim construction briefs, which were due yesterday. Local Patent Rule 3.7 requires that amendments be made only upon a timely application and showing of good cause. Plaintiffs cannot and have not made even a threshold showing of either. Thus, Defendants respectfully request that Plaintiffs' request to file a motion to amend the JCCPS be denied.

*First*, Plaintiffs' request to file a motion to amend the JCCPS is untimely. The parties filed the JCCPS *four months ago* on January 17, 2017 (Dkt No. 124), and they were required to disclose their constructions to each other over a month before that under the Local Patent Rules. Plaintiffs' attempt to blame this lengthy delay on the so-called "amended construction positions" proposed by Defendants is nonsensical and completely distorts the events. While preparing their opening claim construction brief, Defendants realized there was no meaningful difference between several of the parties' proposed constructions (as Defendants explained in their Opening Claim Construction Brief, Dkt. No. 150), and therefore, on February 15, Defendants' counsel reached out to Plaintiffs' counsel to determine whether the parties could resolve any of their claim construction disputes without the Court's intervention. After a meet and confer, on February 17, 2017, Defendants sent Plaintiffs a proposal with mutually agreeable constructions that the parties had discussed during the meet and confer (that had nothing to do with Plaintiffs' currently proposed amendments). Plaintiffs did not respond until two weeks later, on March 2—*two business days* before the opening claim construction brief was due, at which time they offered completely new



constructions that the parties had never discussed. When Defendants declined this eleventh-hour counteroffer as untimely and lacking good cause, rather than reverting to the claim constructions memorialized in the JCCPS (which is what Defendants did) or even seeking leave to move to amend their constructions at that time, Plaintiffs forged ahead and argued for these new constructions in their opening brief without approval of the Court. Accordingly, Plaintiffs' purported justification—that they now need to rectify a discrepancy in the JCCPS—rings hollow since Plaintiffs knowingly created this discrepancy by refusing to follow the established procedures and local rules of this Court.

Further, Plaintiffs state in their letter that by *at least* March 6, 2017 (the deadline for filing opening claim construction briefs), Plaintiffs knew that they would like to amend the JCCPS. Though still untimely, Plaintiffs could have sought to amend the JCCPS at any time in the more than *two months* since opening claim construction briefs were submitted—especially in light of the fact that Defendants had put Plaintiffs on notice of their obligations under the Local Patent Rules. When Plaintiffs presented these new constructions on the eve of the deadline for opening claim construction briefs, Defendants informed Plaintiffs that the Court must approve any amendments to the JCCPS under Local Patent Rule 3.7 and that Defendants would object to any such amendment. Accordingly, Plaintiffs' belated request should be denied as untimely and highly prejudicial to Defendants.

*Second,* regardless of the timeliness of Plaintiffs' request, Plaintiffs have not and cannot meet their burden of demonstrating good cause to amend the constructions set forth in the JCCPS. Plaintiffs' purported explanation, set forth in their May 10, 2017 letter, is woefully insufficient.

WINSTON
&STRAWN
LLP

May 16, 2017
Page 4

As explained by Plaintiffs, they seek leave to amend their proposed claim constructions because they did not like their original constructions after consulting with their expert. This is a problem of Plaintiffs' own making. The Local Patent Rules clearly contemplate that if parties wish to consult with an expert witness, they should do so *before* submitting the JCCPS. L. Pat. R. 4.3(b) (explaining that the JCCPS should include an explanation of any proposed expert testimony). Plaintiffs apparently did not do so because—as discussed at the February 16, 2017 teleconference before Your Honor—Plaintiffs wanted to withhold their expert's opinions until the final round of claim construction briefing. After Your Honor explained that this type of gamesmanship would not be acceptable, Plaintiffs finally consulted with their expert and decided on constructions that could (and should) have been disclosed five months earlier. There is no reason or justification for Plaintiffs' delay in consulting with their expert, and as such, Plaintiffs should not be permitted to rewrite the JCCPS just as claim construction briefing has concluded. Accordingly, Defendants respectfully request that Your Honor deny Plaintiffs' request to file a motion to amend their claim construction proposals.

                                Respectfully submitted,
                                s/ James S. Richter

                                James S. Richter

Cc:    All Counsel (by email)